IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re: ) | |
| ) | |
|     BICC LIMITED PARTNERSHIP, ) | Case No. 06-30101-DOT |
|                   Debtor ) | Chapter 7 |
| ---------------------------------------------------------- ) | ----------------------------------------- |
| CHARLES J. MCCALL, ) | |
| ) | |
|                 Plaintiff ) | |
| v.   ) | Adv. Pro. No. 07-03090-DOT |
| ) | |
| TELERENT LEASING CORPORATION et al., ) | |
| ) | |
|                 Defendants ) | |
| ---------------------------------------------------------- ) | ----------------------------------------- |
| ) | |
| TELERENT LEASING CORPORATION and ) | |
| ) | |
| LECLAIR RYAN, a Professional Corporation, ) | |
| ) | |
|             Counterclaim Plaintiffs ) | |
| ) | |
| v.   ) | |
| ) | |
| CHARLES J. MCCALL, ) | |
| ) | |
|            Counterclaim Defendant ) | |

**COUNTERCLAIM OF TELERENT LEASING CORPORATION
AND LECLAIR RYAN A PROFESSIONAL CORPORATION
<u>AGAINST CHARLES J. MCCALL</u>**

Telerent Leasing Corporation ("Telerent") and LeClair Ryan, a Professional Corporation

("LeClair Ryan"), by their respective counsel, for their counterclaim against Charles J. McCall

under Fed. R. Bankr. P. 7013, respectfully allege:

W. R. Baldwin, III, VSB # 16988
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for Telerent Leasing Corporation

Parties

1. Telerent is a Delaware corporation with its principal place of business in Raleigh, North Carolina.

2. LeClair Ryan is a Virginia professional corporation with its principal place of business in Richmond, Virginia. LeClair Ryan is licensed by the Virginia State Bar to conduct the practice of law.

3. Charles J. McCall, Esquire ("McCall"), is an attorney licensed to practice law in the Commonwealth of Virginia and is the plaintiff in this adversary proceeding.

Jurisdiction

4. This Court exercises jurisdiction over this controversy as it involves a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has subject matter jurisdiction over the controversy under 28 U.S.C. § 1334.

Venue

5. This Court is the proper venue pursuant to 28 U.S.C. §1409.

Facts

6. On or about November, 17, 2004, BICC Limited Partnership ("BICC"), the Debtor in the underlying bankruptcy case, filed a motion for judgment against Telerent and LeClair Ryan in the Circuit Court of Chesterfield County, No. CL04-1294 (the "BICC Litigation").

7. On April 17, 2006, after BICC commenced the underlying bankruptcy case as debtor in possession under Chapter 11, defendant LeClair Ryan removed the BICC Litigation to this Court, where it since has been pending as Adversary Proceeding No. 06-03075 (the "BICC Litigation").

8. McCall, the plaintiff in this proceeding and an attorney admitted to the practice of law in Virginia, filed the BICC Litigation as BICC's counsel and has remained as counsel of record in the BICC Litigation for the two and a half years since the motion for judgment was filed.

9. In the BICC Litigation, BICC sought recovery from Telerent and LeClair Ryan on two alleged causes of action: in count I, for alleged slander of title of BICC's real property arising from the filing of a memorandum of lis pendens against certain personal property located on BICC's real property and, in count II, under Va. Code § 18.2-499, for alleged conspiracy between Telerent and LeClair Ryan to damage BICC in its trade or business. A true copy of the motion for judgment that commenced the BICC Litigation is attached as Exhibit A.

10. The causes of action alleged in the BICC Litigation were property of the BICC Bankruptcy Estate and were so noted by BICC in its filed schedule B (excerpt with highlighting attached as Exhibit B) and statement of financial affairs paragraph 4 (excerpt with highlighting attached as Exhibit C).

11. By order entered in the BICC bankruptcy case on October 11, 2006, BICC's Chapter 11 case was converted to a case under Chapter 7. Keith L. Phillips, Esq. (the "Trustee") subsequently was appointed as Trustee for BICC.

12. At all times material hereto McCall knew of the pendency of the underlying Bankruptcy Case and of the existence of the automatic stay in effect under 11 U.S.C. § 362. McCall further knew that any claims and causes of action included in the BICC Litigation were property of BICC's bankruptcy estate and that, after the appointment of the Trustee, only the Trustee had standing and authority to control or assert such claims and causes of action.

13. Knowing that the Trustee held such standing and authority, at some point on or

before April 30, 2007 McCall, in conjunction with or on behalf of a certain corporation known as N.C. Wings-Richmond Corp. ("Wings"), offered to purchase the claims and causes of action in the BICC Litigation for the sum of $10,000.00.

14. The Trustee, subject to the normal procedures attending to the sale of property of the bankruptcy estate, by motion filed April 30, 2007 under Docket # 220 in the BICC bankruptcy case sought Bankruptcy Court approval to sell the causes of action included in the BICC Litigation to Wings for $10,000. 00.

15. McCall had actual knowledge of the Sale Motion at or before the time of its filing.

16. As of the date of the filing of the Sale Motion, McCall intended to represent Wings in various lawsuits, including but not limited to the BICC Litigation, upon the purchase by N.C. Wings of the BICC Litigation from the Trustee.

17. On May 23, 2007, Telerent filed a motion to disqualify McCall as counsel for BICC in the BICC Litigation. Although McCall was served with a copy of such motion and required to file a response thereto by local rule, as of the date of this counterclaim McCall has filed no objection or other response to such motion to disqualify.

18. By objection filed on or about May 31, 2007, Telerent and LeClair Ryan objected to the relief sought in the Sale Motion on the grounds, *inter alia*, that they had made a higher and better offer to the Trustee for the purchase of the claims and causes of action involved in the BICC Litigation.

19. On June 14, 2007, in the Circuit Court of the County of Chesterfield, Virginia, McCall acting pro se as plaintiff filed case number CL07-142619, styled "Charles J. McCall v. Telerent Leasing Corporation and LeClair Ryan, a Professional Corporation." A true copy of the complaint filed in this case (the "McCall Litigation") is filed as the complaint in this adversary

proceeding.

20. McCall gave notice of such filing to counsel for the Trustee and to W. R. Baldwin, III, counsel for Telerent by email, true copy of the text of which is attached hereto as Exhibit D. The file attachment shown on such email was an computer file version of a word processing document used by McCall to file the McCall Litigation.

21. The causes of action alleged in the McCall Litigation are the same as those alleged in the BICC Litigation and the facts therein are substantially the same as those alleged in the BICC Litigation.

22. By filing the McCall Litigation, McCall was seeking "to obtain possession of property of the [BICC bankruptcy] estate or of property from the estate or to exercise control over property of the estate," contrary to 11 U.S.C. § 362(a)(3) and in so doing he willfully violated the automatic stay.

23. Further, in filing the McCall Litigation, McCall sought to prevent and hinder Telerent and LeClair Ryan from purchasing from the Trustee the claims and causes of action involved in the BICC Litigation and, in so doing, to deprive the BICC bankruptcy estate of a higher and better offer to purchase the claims and causes of action involved in the BICC Litigation and thus to control the BICC Litigation.

24. In filing the McCall Litigation, McCall acted willfully and intentionally.

25. McCall filed the McCall Litigation in violation of the automatic stay and in callous and reckless disregard of the automatic stay.

26. The actions of McCall in filing the McCall Litigation violated 11 U.S.C. § 362(k) and caused Telerent damages.

27. Upon information and belief, shortly after filing the McCall Litigation McCall

was advised by counsel for the Trustee that his actions in filing the McCall Litigation violated the automatic stay, but McCall has persisted with such litigation and refused to take action to dismiss same with prejudice.

28. At hearing held June 20, 2007 in the underlying BICC bankruptcy case, the Bankruptcy Court approved the purchase by Telerent and LeClair Ryan from the Trustee of the claims and causes of action involved in the BICC Litigation and order approving such sale was entered June 26, 2007.

29. But for McCall's violation of the automatic stay, upon the conclusion of the Trustee's Sale Motion there would be no claims affecting either Telerent or LeClair arising in or related to BICC's case.

30. McCall's contumacious conduct has required LeClair Ryan to remove the McCall Litigation to this Court and Telerent and LeClair Ryan to file this Counterclaim.

WHEREFORE, premises considered, Telerent Leasing Corporation and LeClair Ryan, a Professional Corporation, by their respective counsel, pray that the Court award them damages under 11 U.S.C. § 362(k) for McCall's violation of the automatic stay, as well as their reasonable attorneys' fees, costs and punitive damages and such other relief as is proper.

Dated: June 26, 2007                                    Respectfully submitted,

TELERENT LEASING CORPORATION            LECLAIR RYAN, A Professional Corporation

                                                                     /s/ Robert S. Reverski, Jr.
                                                                     (by W. R. Baldwin, III with permission
                                                                     from Robert S. Reverski based on email)

By:   /s/ W. R. Baldwin, III                      By:  _____
         Of Counsel                                                    Of Counsel

| | |
|---|---|
| W. R. Baldwin, III (VSB #16988)<br>Marchant, Honey & Baldwin, LLP<br>5600 Grove Avenue<br>Richmond, VA  23226<br>(804) 644-0575 – Telephone<br>(804) 648-5811 – Facsimile<br>billbaldwin@comcast.net –  email<br><br>Counsel for Telerent Leasing Corporation | Robert S. Reverski, Jr., (VSB No. 42383)<br>Midkiff, Muncie & Ross, P.C.<br>9030 Stony Point Parkway, Suite 160<br>Richmond, Virginia  23235<br>(804) 560-9600 – Telephone<br>(804) 560-5997 – Facsimile<br>rsreverski@midkifflaw.com –  email<br><br>Counsel for LeClair Ryan a Professional Corporation |

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing pleading was served in the manner indicated on June 27, 2007:

| | |
|---|---|
| Charles J. McCall, Esq.<br>P.O. Box 2131<br>Midlothian, VA  23113<br>(w/o exhibits)<br><br>P O Box 2013<br>Midlothian, VA 23113<br>(w/o exhibits)<br><br>and<br><br>13806 Nuttree Woods Lane<br>Midlothian VA  23112<br>(with exhibits)<br><br>[All Service by First Class Mail] | Robert S. Reverski, Jr., Esq.<br>Midkiff, Muncie & Ross, P.C.<br>9030 Stony Point Parkway, Suite 160,<br>Richmond, VA  23235<br>Counsel for LeClair Ryan, a P.C.<br><br><br><br>[Service by the Court's ECF procedures] |

                                                            /s/ W. R. Baldwin, III