IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In Re: | ) | |
|---|---|---|
| BICC LIMITED PARTNERSHIP, | ) | Case No. 06-30101-DOT |
| Debtor | ) | Chapter 7 |
| CHARLES J. MCCALL, | ) | |
| Plaintiff | ) | |
| v. | ) | Adv. Pro. No. 07-03090-DOT |
| TELERENT LEASING CORPORATION | ) | |
| and | ) | |
| LECLAIR RYAN, a Professional Corporation, | ) | |
| Defendants | ) | |

**MEMORANDUM OF TELERENT LEASING CORPORATION
AND LECLAIR RYAN A PROFESSIONAL CORPORATION
IN SUPPORT OF MOTION TO DISMISS COMPLAINT, IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT AND FOR SANCTIONS AND
<u>FOR ISSUANCE OF ORDER TO SHOW CAUSE</u>**

Telerent Leasing Corporation ("Telerent") and LeClair Ryan, a Professional Corporation ("LeClair Ryan"), by their respective counsel, in support of their Motion to Dismiss the Complaint filed herein under Fed. R. Bankr. P. 7012 (incorporating Fed. R, Civ. P. 12(b)(6)), in the Alternative for Summary Judgment under Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56) and for Sanctions under 28 U.S.C. §1927 and 11 U.S.C. §§ 105 and 362 and for the Issuance of an Order to Show Cause directed to Charles J. McCall, the plaintiff herein, why he

W. R. Baldwin, III, VSB # 16988
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-7779
Counsel for Telerent Leasing Corporation

should not be held in contempt, respectfully represent:

PROCEDURAL HISTORY

In November, 2004, BICC Limited Partnership ("BICC"), the Debtor in the underlying Bankruptcy Case, filed a "motion for judgment"[1] against Telerent and LeClair Ryan in the Circuit Court of Chesterfield County, No. CL04-1294. On April 17, 2006, after BICC commenced the bankruptcy case underlying this proceeding as debtor in possession under Chapter 11, defendant LeClair Ryan a Professional Corporation ("LeClair Ryan") removed the case to this Court, where it since has been pending as Adversary Proceeding No. 06-03075 (the "BICC Litigation"). Charles J. McCall, Esq. ("McCall"), the plaintiff in this proceeding and an attorney admitted to the practice of law in Virginia, filed the BICC Litigation as BICC's counsel and has remained as counsel of record in the BICC Litigation for the two and a half years since the motion for judgment was filed.

In the BICC Litigation, BICC sought recovery from Telerent and LeClair Ryan on two purported causes of action: in count I, alleged slander of title of BICC's real property arising from the filing by Telerent (acting through LeClair Ryan as its counsel) of a memorandum of lis pendens against certain personal property located on BICC's real property and, in count II, under Va. Code § 18.2-499, for alleged conspiracy between Telerent and LeClair Ryan to damage BICC in its trade or business. A true copy of the motion for judgment that commenced the BICC Litigation is attached as Exhibit A for the convenience of the Court.

BICC's Chapter 11 was converted to a Chapter 7 case on October 11, 2006 by order entered under BICC bankruptcy case docket # 161; Keith L. Phillips subsequently was appointed

---

[1] Prior to 2006, Virginia procedure maintained a separation between law and equity cases; the initial pleading in a law case was referred to as a "motion of judgment."

as trustee for the BICC bankruptcy estate. BICC's filed schedule B (see excerpt with highlighting attached as Exhibit B) and statement of financial affairs paragraph 4 (excerpt with highlighting attached as Exhibit C) evidence the status of the BICC Litigation as property of BICC's bankruptcy estate.

That Mr. McCall knows of the pendency of the underlying bankruptcy case is a matter of judicial notice. For example, under BICC case docket # 57, on April 6, 2006, BICC moved to reject a certain agreement between the Debtor and Mr. McCall; this relief was granted by order (Exhibit D) entered June 20, 2006 under docket #99.[2] Further, under case docket #160, Mr. McCall filed a personal objection to the Motion for Relief from the Automatic Stay filed by Wexwater, L.L.C., thus indicating McCall's actual knowledge of the existence of the automatic stay with respect to BICC's bankruptcy estate. Additionally, by letter dated April 24, 2007 and filed under BICC bankruptcy case docket #219 (Exhibit E hereto), N.C. Wings-Richmond, Corp., by James L. Hart as its president, made a certain purchase offer to the Trustee with respect to certain BICC assets. This letter, which reflects a copy to Mr. McCall, included a proposed "Purchase Contract" (which the Telerent and LeClair Ryan suggest was prepared by Mr. McCall) in which the "Notice of Interest" paragraph provided as follows:

> Seller is herein informed that Charles J. McCall who holds and (*sic*) equity ownership interest in the Bankrupt Estate BICC, LP will hold a minority ownership interest in the entity to be formed to purchase the assets that are the subject of this purchase agreement. Mr. McCall will additionally represent the purchasing entity as legal counsel in it's (*sic*) efforts to develop the property and to pursue the litigation assets which are to be purchased under this agreement.

---

[2] As will be discussed later, as a compromise of certain matters, paragraph 5 of this order provided that "Mr. McCall shall have fifteen percent (15.00 %) of Mr. Moyler's equity [limited partnership] interest in the Debtor BICC Limited Partnership."

By motion filed April 30, 2007 under Docket # 220 in the BICC bankruptcy case (the "Sale Motion"), Trustee Phillips sought to sell the causes of action included in the BICC Litigation to N.C. Wings-Richmond Corp. for $10,000. The motion on its face does not literally reflect Mr. McCall's knowledge of the proposed sale but, given Exhibit E, that Mr. McCall had actual knowledge of the Sale Motion at the time of its filing seems almost certain. But, even if McCall might assert he did not on April 30 have actual knowledge of the Sale Motion, McCall certainly gained this knowledge from his receipt of his service copy of the Telerent/LeClair Objection to the Sale Motion (BICC bankruptcy case docket #232, filed May 31, 2007). McCall also knew of Telerent's motion to disqualify him as counsel for the plaintiff in the BICC Litigation; McCall never has filed a response to this motion.

On June 14, 2007, after learning of Telerent's motion to disqualify him as counsel in the BICC Litigation and after learning of the offer by Telerent and LeClair Ryan to purchase the claims involved in the BICC Litigation for a sum more than that originally offered by N.C. Wings-Richmond Corp. (the Telerent/LeClair Ryan offer was referenced in the Telerent/LeClair Ryan objection to the Sale Motion), McCall, acting pro se, filed a new law suit in the Chesterfield Circuit Court against Telerent and LeClair Ryan. LeClair Ryan subsequently removed this new law suit (the "McCall Litigation") to this Court where it is now pending under the above style as an adversary proceeding.

The complaint in the McCall Litigation involves the same causes of action as those McCall sought to allege on behalf of BICC in the BICC Litigation and that were the subject of the Trustee's Sale Motion. In the complaint filed in the McCall Litigation, McCall seeks to establish his right to bring suit by alleging his status as an equity owner of BICC (complaint paragraph 5, alleging McCall became a BICC equity owner "[b]y Order entered in the BICC

4

Chap. 11 Bankruptcy on June 6, 2006"). In paragraph 7 of his complaint, McCall asserts a derivative right to recover "the lost value" of what he refers to as the "McCall Equity portion of damage to the Property, specifically, lost revenues from time share sales."

## SUMMARY OF ARGUMENT

Because the McCall Litigation was filed in violation of the automatic stay of 11 U.S.C. § 362, this law suit was void *ab initio* and Telerent and LeClair Ryan are entitled to damages under § 362(k) arising from McCall's willful violation of the stay, as well as punitive damages because of the nature of this violation. Even if the complaint in the McCall Litigation were not void for its violation of the automatic stay, however, the McCall Litigation still must be dismissed for failure to state a claim upon which relief may be granted. McCall, as a limited partner, lacked standing under Virginia law to pursue derivatively the claims already asserted by BICC in the BICC Litigation. Further, even if McCall were not limited by the Virginia partnership law and could sue directly in his own right, he lacks standing to assert damages allegedly suffered in 2004 since he did not become a BICC limited partner until 2006. Additionally, the statute of limitations for slander of title has run: more than two years have lapsed between the filing of the Telerent memorandum of lis pendens of which McCall complains and the filing of McCall's Litigation. Finally, the filing of a memorandum of lis pendens in conjunction with a pending law suit is absolutely privileged under Virginia law, the memorandum of lis pendens itself by its terms was directed only to personal property leased by Telerent and made no claim to BICC's real estate title, and the McCall Litigation states no claim under Va. Code § 18.2-499 against Telerent and LeClair Ryan for conspiracy to injure BICC's trade or business.

Because this memorandum raises certain matters outside the four corners of the

5

complaint in the McCall Litigation, Telerent under Rule 12(b)(6) requests that the Court consider these "matters outside the pleading" and treat the relief requested as a motion for summary judgment.

ARGUMENT

## I. THE FILING OF THE MCCALL LITIGATION VIOLATED THE AUTOMATIC STAY AND IS VOID *AB INITIO*

A simple comparison between the complaint in the McCall Litigation and the complaint that McCall filed for BICC in the BICC Litigation demonstrates the causes of action are identical and the underlying facts are substantially identical. That the BICC Litigation was property of BICC's Estate is beyond question and, by filing suit on the causes of action alleged in the BICC Litigation, McCall was acting "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," contrary to 11 U.S.C. § 362(a)(3). Because of this violation, the McCall Litigation was void from the outset. *E.g.*, *In re Knightsbridge Development Company, Inc.*, 884 F.2d 145,148 (1989) (post-petition continuation of substantive portion of arbitration proceedings against debtor rendered post-petition arbitration award void); *In re Harris*, 203 B.R. 46, 50 (Bankr. E.D. Va. ) (Tice, B.J.) ("Under § 362, acts in violation of the automatic stay are generally held void."). The timing of the McCall's litigation – shortly before this Court was to consider the Telerent-LeClair offer to purchase the claims in the BICC Litigation and after Telerent had filed a motion to disqualify McCall as counsel for BICC in the BICC Litigation – is suspect and is consistent with McCall's seeking to control property of the BICC bankruptcy estate.

While § 362 allows for the "annulment" of the automatic stay under certain circumstances, the filing of a motion for relief from the automatic stay, as well as the Court's

6

decision to grant that relief, are necessary pre-conditions. McCall has sought no such relief and instead simply ignored the provisions of § 362. As a result, the McCall Litigation should be determined to be void and dismissed for his contumacious action.

## II. MCCALL LACKS STANDING TO PROSECUTE THE MCCALL LITIGATION

Putting to one side his violation of § 362, McCall has failed to allege the necessary requirements that would authorize him to seek relief in a derivative capacity. As a limited partner in BICC, Virginia law grants him the right to file for derivative relief, but only on certain conditions, Va. Code § 50-73.62. Right of Action:

> A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor to the same extent that a stockholder may bring an action for a derivative suit under the Stock Corporation Act, Chapter 9 (§ 13.1-601 et seq.) of Title 13.1. Such action may be brought if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the limited partners and the partnership in enforcing the right of the partnership.

That these requirements have not been met is obvious. The existence of the two and a half year old BICC Litigation demonstrates there was *no* refusal to file the matters alleged in the BICC Litigation and, since McCall was the counsel who filed the BICC Litigation, he had actual knowledge of that suit and thus of the frivolous nature of his derivative claim allegations in the McCall Litigation. Further, McCall obviously "does not fairly and adequately represent the interests of the limited partners and the partnership in enforcing the right of the partnership." Instead of deferring to the Trustee as the successor to BICC, or even referencing the supposed rights of his co-partners, he seeks to prosecute, for his own recovery in his own right, BICC's

7

claim (such as it is) for punitive damages. Likewise, he is seeking to assert in the McCall Litigation what he refers to as "the McCall Equity portion of damage to the Property, specifically, lost revenues from time share sales." He does not even pretend to assert a partnership right, or the interests of all limited partners in so acting.[3]

Apart from his inability under Virginia law to proceed either individually or derivatively on the matters alleged in the McCall Litigation, he cannot escape the fundamental problem that he lacks standing to claim personal damages from the alleged misconduct of Telerent and LeClair Ryan. McCall alleges the memorandum of lis pendens in controversy was filed "on or about May 15, 2004" (McCall Litigation complaint at ¶53),[4] yet he admits he did not become a limited partner until June 6, 2006 (McCall Litigation complaint at ¶5), the date this Court approved his equity ownership. Even if limited partners were authorized by Virginia law to seek direct recovery for the damages to their interests allegedly caused by Telerent and LeClair Ryan, McCall did not acquire his interest until more than two years *after* the damages had supposedly occurred and become known to BICC. He therefore lacks standing to sue for these damages.[5]

### III. THE STATUTE OF LIMITATIONS FOR SLANDER TO TITLE HAS LAPSED

Under Virginia law, a cause of action for slander to title carries the "catch all" two year

---

[3]For purposes of this pleading, Telerent took McCall's assertion that he is proceeding derivatively on its face. But, to the extent McCall seeks individual relief, he cannot do so. Under Virginia law, "an action for injuries to a corporation cannot be maintained by a shareholder on an individual basis and must be brought derivatively." *Simmons v. Miller*, 261 Va. 561, 573, 544 S.E.2d 666 (2001). In enacting Va. Code § 50-73.62, the General Assembly applied this aspect of corporate law to limited partnerships.

[4] The actual date of filing was May 17, 2004. See copy of filed memorandum of lis pendens attached as Exhibit F.

[5] Telerent notes that Mr. James Moyler, from whom McCall obtained his BICC equity interest, is himself a debtor in chapter 7 case no. 06-30087 pending in this Court. A review of the Moyler case docket discloses McCall received bankruptcy court approval for his acquisition of a fifteen per cent interest in BICC from Moyler; there is nothing in the filed papers, however, approving any transfer of a cause of action against Telerent and LeClair from the Moyler bankruptcy estate to McCall. Moyler's amended bankruptcy schedule B paragraph 21, filed November 22, 2006 as docket #98 in Moyler's case, discloses "Potential Claims against Telerent" as property of his bankruptcy estate which then were exempted to the extent of $1.00 by Moyler in his Schedule C.

statute of limitations contained in Va. Code § 8.01-248. *Cherokee Corp. v. Chicago Title Ins. Corp.*, 26 Cir. L93000228, 35 Va. Cir. 19 (1994) (applying former 1 year "catch all" rule). This Court need not determine whether the cause of action accrued when the memorandum of lis pendens was filed or when it was released; it suffices that more than two years lapsed in either event before McCall filed this litigation.

For the Court's reference a true copy of the motion for judgment (without exhibits) in the litigation where Telerent filed the memorandum of lis pendens is attached as Exhibit F; the filing copy of the memorandum of lis pendens is attached as Exhibit G; the filing copy of the release of the memorandum of lis pendens is attached as Exhibit H. .

### IV. THE FILING OF A MEMORANDUM OF LIS PENDENS IN CONJUNCTION WITH A PENDING LAW SUIT IS ABSOLUTELY PRIVILEGED UNDER VIRGINIA LAW AND THE MCCALL LITIGATION MUST BE DISMISSED

As noted by Telerent in its papers filed in the BICC Litigation, the filing of a memorandum of lis pendens is absolutely privileged under Virginia law and therefore no cause of action for slander of title can arise from such an action. In *Donohoe Const. v. Mt. Vernon Assoc.*, 235 Va. 531, 537-538, 369 S.E.2d 857 (1988), the Virginia Supreme Court held that the filing of a memorandum of mechanic's lien was absolutely privileged from suit, even though no mechanic's lien litigation was then pending, because the filing of a mechanic's lien was a precondition to litigation to enforce a mechanic's lien and thus filing the memorandum was a part of the judicial proceedings. The same rationale, therefore, must apply to a claim of slander of title arising from the filing of a memorandum of lis pendens. Unlike the situation with a memorandum of mechanic's lien, where no suit need be pending, there actually must be a "lis pendens" (pending lawsuit) for there to be a filed memorandum of lis pendens.

9

Although the Virginia Supreme Court has yet to rule on the application of the doctrine of absolute immunity to a suit for slander of title arising from the filing of a memorandum of lis pendens, the only Circuit Court case on the issue of which counsel is aware concluded that the privilege applies. *Bison Building Company v. Brown*, 19 Cir. L20051104, 70 Va. Cir. 348 (2006) (Fairfax County Circuit Court) (copy attached as Exhibit I).

### V. EVEN IF THE FILING OF A MEMORANDUM OF LIS PENDENS IS NOT ABSOLUTELY PRIVILEGED, THE MEMORANDUM OF LIS PENDENS IN CONTROVERSY WAS DIRECTED ONLY TO PERSONAL PROPERTY AND CANNOT THEREFORE HAVE SLANDERED THE TITLE TO BICC'S REAL PROPERTY

Although McCall did not attach a copy of the filed memorandum of lis pendens to the complaint in the McCall Litigation, he does allege (his complaint ¶27), that "the subject of the Litigation is the ownership rights to certain equipment, which description purportedly included both the Networking Equipment and the Additional Equipment (the 'Equipment'), and that Telerent was owed approximately $85,000, plus attorney's fees and interest and/or return of the equipment." By McCall's own allegation, then, the memorandum of lis pendens in controversy (Exhibit G) did not give notice of any claim to the title to BICC's real property. Indeed, the actual filed memorandum of lis pendens, consistent with McCall's complaint, stated that "[t]he subject of the Litigation is the ownership rights to certain equipment (the 'Equipment') that is more specifically described in Exhibit A"; that exhibit A, in turn, was a listing of "Equipment."

Virginia law makes it clear that "equipment" is personal property, not real property (Va. Code § 8.9A-102 (a)(33)). Nowhere in the memorandum of lis pendens or in the related Telerent motion for judgment (Exhibit F) did Telerent make any claim to the title to BICC's real estate.

Accordingly, to the extent this Court determines that Virginia law does not grant absolute immunity to a memorandum of lis pendens, the McCall litigation still fails to state a claim on

which relief may be granted because Telerent in the memorandum of lis pendens made no claim to BICC's real estate title and, therefore, as a matter of law could not have slandered the title to BICC's real property.

### VI. MCCALL HAS FAILED TO PLEAD A CAUSE OF ACTION UNDER VA. CODE § 18.2-499 FOR CONSPIRACY BETWEEN TELERENT AND LECLAIR RYAN

Virginia law provides there can be no conspiracy between a principal and an agent because they legally are one and the same. *Charles E. Brauer Co. v. NationsBank*, 251 Va. 28, 36, 466 S.E.2d 382 (1996) (principal cannot conspire with agent). *Accord*, *Michigan Mut. Ins. Co. v. Smoot*, 128 F. Supp. 2d 917, 925 (E.D. Va. 2000) (attorney is agent for client and as such attorney cannot conspire with client); *PJS Associates v. Cosby*, 13 Cir. LF24201 (2000) (Richmond Circuit Court) (conspiracy between client and attorney is a "legal impossibility" if there is a "true attorney-client relationship"). That there was a "true attorney-client relationship" between Telerent and LeClair Ryan is beyond question: McCall himself alleges that LeClair Ryan represented Telerent as plaintiff in the lawsuit that gave rise to the filing of the Telerent memorandum of lis pendens and so, based on McCall's own pleading, there is no conspiracy allegation as a matter of law. McCall's complaint never alleges any relationship between the two defendants other than that of attorney-client; he never alleges that LeClair ever took any action other than in its capacity as Telerent's attorney. Accordingly, since there is no allegation that LeClair Ryan ever acted in any way other than as attorney for Telerent and no allegation that LeClair Ryan ever acted outside the scope of that responsibility, there is but one entity – Telerent as principal – and therefore no cause of action under Va. Code § 18.2-499 has been pleaded.

## VII. CLAIM FOR VIOLATION OF 11 U.S.C. § 362(k), 28 U.S.C. § 1927 AND MOTION FOR SHOW CAUSE ORDER AGAINST CHARLES J. MCCALL

In filing the McCall Litigation, McCall acted willfully in violation of § 362. But for McCall's stay violations, upon the conclusion of the Trustee's Sale Motion to Telerent and LeClair Ryan (order entered June 26, 2007 approving the sale of the causes of action in the BICC Litigation to Telerent and LeClair Ryan), there would be no claims affecting either Telerent or LeClair Ryan arising in or related to BICC's case. McCall's contumacious conduct has required LeClair Ryan to remove the McCall Litigation to this Court and Telerent and LeClair Ryan to file this Joint Motion to Dismiss.

Case law indicates that a motion for sanctions under §362(h) need not be filed as an adversary proceeding but may stand alone as a motion in the underlying bankruptcy case. *In re Fas Mart Convenience Stores Inc.*, 318 B.R. 370, 374 (E.D. Va. 2004) (Tice, B.J.). In *Fas Mart*, however, the Bankruptcy Court in its discretion required the movant Trustee to seek relief through an adversary proceeding and, as a precaution, Telerent and LeClair Ryan have done so here. *See* counterclaim of Telerent Leasing Corporation and LeClair Ryan filed separately in this proceeding.

Under 11 U.S.C. § 362(k),[6] as a remedy for violation of that statute a bankruptcy court may:

> award punitive damages 'in appropriate circumstances.' [former] 11 U.S.C. § 362(h). Punitive damages require more than mere willful violation of the automatic stay imposed by section 362(a). *See, e.g., Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir.1989) (requiring callous or reckless disregard for the law); *In re Brooks*, 207 B.R. at 742 (requiring egregious intentional

---

[6] The provisions of current 11 U.S.C. § 362(k)(1) formerly were in effect as §362(h) prior to the enactment of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

> misconduct); *In re Briggs*, 143 B.R. 438, 464 (Bankr. E.D.
> Mich.1992) (same). *In re Sharon*, 200 B.R. at 201-02 (denying
> punitive damages where conduct not likely to be repeated).

*Brown et al. v. Town & Country Sales and Service, Inc., (In re Brown)*, 237 B.R. 316, 321 (Bankr. E.D. Va. 1999) (Tice, B.J.). Under the circumstances of this case, the only permissible conclusion is that Mr. McCall has acted with "egregious intentional misconduct" justifying the imposition of punitive damages.

Accordingly, Telerent and LeClair Ryan request the Bankruptcy Court to award them their reasonable attorney's fees incurred as a result of McCall's violations of the automatic stay and punitive damages in an appropriate amount. Telerent and LeClair Ryan suggest that an appropriate amount for punitive damages would be $1,500.00 for each defendant and they are prepared to submit an appropriate summary of their attorney fees incurred as a result of McCall's violation of the stay[7] should the Bankruptcy Court determine that such an award is proper.

Telerent and LeClair Ryan also note that the Bankruptcy Court has inherent authority, apart from § 362(k), to impose sanctions for McCall's contempt arising from his violation of the automatic stay:

> violations of the automatic stay may also be treated as contempt,
> aside from § 362(h). 3 *Collier On Bankruptcy* ¶ 362.11[2] (Alan N.
> Resnick & Henry J. Sommer eds., 15th ed. rev.2004). The Fourth
> Circuit Court of Appeals has held that bankruptcy judges have civil
> contempt powers pursuant to Code § 105(a). *See Burd v. Walters
> (In re Walters)*, 868 F.2d 665, 669-70 (4th Cir.1989).

---

[7] Although § 363(k) speaks of an "individual" who is damaged by a violation of the automatic stay, the phrase "individual" in this context by case law includes business entities such as corporations. *In re Fas Mart Convenience Stores Inc.*, 318 B.R. 370, 375 (E.D. Va. 2004) (Tice, B.J.), following *Budget Serv. Co. v. Better Homes of Va., Inc. (In re Better Homes of Va., Inc.)*, 804 F.2d 289 (4th Cir.1986). Further, although neither Telerent nor LeClair Ryan are debtors, since § 362(k) speaks to "individuals" damaged by the stay and not "debtors," it seems apparent that the remedy of § 362(k) supports claims by nondebtor entities for violations of the stay. *Accord*, *Pettit v. Baker*, 876 F.2d 456 (5th Cir. 1989); *see Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 709, 718 (E.D. Va. 2003) (Jackson, D.J.) ("§ 362(h) arguably creates private right of action for willful violation of automatic stay," *citing Pettit*).

*Fas Mart*, 318 B. R. at 375. Accordingly, Telerent and LeClair Ryan request that the Court issue an order to Charles J. McCall to show cause, if any he can, why he should not be held in contempt of the United States Bankruptcy Court for the Eastern District of Virginia for his violation of the automatic stay by filing and continuing the McCall Litigation.

Finally, 28 U.S.C. § 1927 permits the court to require counsel:

> who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Telerent and LeClair Ryan respectfully submit that it is difficult to conceive of a more egregious example of counsel unreasonably and vexatiously multiplying the proceedings of a bankruptcy case and request relief accordingly.

CONCLUSION

Charles, J. McCall, Esquire, the plaintiff in this case, has filed a meritless lawsuit in contravention of bankruptcy and Virginia law. Even apart from this, his complaint fails to state a cause of action on which relief may be granted. As a consequence, this proceeding should be dismissed with prejudice and McCall should be required to pay punitive damages and to reimburse Telerent Leasing Corporation and LeClair Ryan, a Professional Corporation, for the losses and expenses, including reasonable attorneys' fees, caused by his willful misconduct.

RELIEF REQUESTED

WHEREFORE, premises considered, Telerent Leasing Corporation and LeClair Ryan a Professional Corporation, by their respective counsel, pray that the Court dismiss the McCall Litigation with prejudice and grant such other relief as is proper, to include the award of reasonable attorneys' fees, costs and punitive damages against Mr. McCall, and further that Mr.

McCall be required to show cause, if any he can, why he should not be held in civil contempt for his violation of the automatic stay.

## STATEMENT AS TO JURISDICTION

In accordance with Fed. R. Bankr. P. 7012(b), Telerent and LeClair Ryan state that this is a core proceeding.

Dated: June 26, 2007                                    Respectfully submitted,

TELERENT LEASING CORPORATION          LECLAIR RYAN, A Professional Corporation

                                                          /s/ Robert S. Reverski, Jr.
                                            (by W. R. Baldwin, III with permission
                                            from Robert S. Reverski based on email)

By:   /s/ W. R. Baldwin, III                            By: _____
        Of Counsel                                                              Of Counsel

W. R. Baldwin, III (VSB #16988)              Robert S. Reverski, Jr., (VSB No. 42383)
Marchant, Honey & Baldwin, LLP            Midkiff, Muncie & Ross, P.C.
5600 Grove Avenue                                    9030 Stony Point Parkway, Suite 160
Richmond, VA  23226                                Richmond, Virginia  23235
(804) 644-0575 – Telephone                      (804) 560-9600 – Telephone
(804) 648-5811 – Facsimile                        (804) 560-5997 – Facsimile
billbaldwin@comcast.net –  email             rsreverski@midkifflaw.com – email

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing pleading was served in the manner indicated on June 27, 2007:

| | |
|---|---|
| Charles J. McCall, Esq.<br>P.O. Box 2131<br>Midlothian, VA 23113<br>(w/o exhibits)<br><br>P O Box 2013<br>Midlothian, VA 23113<br>(w/o exhibits)<br><br>and<br><br>13806 Nuttree Woods Lane<br>Midlothian VA 23112<br>(with exhibits)<br><br>[All Service by First Class Mail] | Robert S. Reverski, Jr., Esq.<br>Midkiff, Muncie & Ross, P.C.<br>9030 Stony Point Parkway, Suite 160,<br>Richmond, VA 23235<br>Counsel for LeClair Ryan, a P.C.<br><br><br><br>[Service by the Court's ECF procedures] |

      /s/ W. R. Baldwin, III