**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **IN RE BICC LIMITED PARTNERSHIP**     Chapter 7 Debtor | Case No. 06-30101-DOT |
| **CHARLES J. McCALL**         Plaintiff  v. | Adv. Pro. No. 07-03090-DOT |
| **TELERENT LEASING CORPORATION et al.**         Defendant | |
| **TELERENT LEASING CORPORATION and LeCLAIR RYAN, a Professional Corporation,**         Counterclaim Plaintiffs  **v.**  **CHARLES J. McCALL,**         Counterclaim Defendant | |

**MEMORANDUM OPINION**

Hearing was held August 8, 2007, on the joint motion of the defendants Telerent Leasing Corporation (Telerent) and LeClair Ryan, A Professional Corporation (LeClair Ryan), to dismiss or in the alternative for summary judgment on the complaint of plaintiff Charles J. McCall. Other joint motions filed by defendants and argued at hearing were a motion for sanctions against plaintiff for violation of the automatic stay and a motion for contempt.

For reasons stated in this opinion, the court will grant defendants' joint motion to dismiss the complaint. The court defers ruling on the other motions.

<u>Findings of Fact.</u>

The debtor BICC Limited Partnership (BICC) formerly operated a hotel and timeshare

development located in Chesterfield County, Virginia. It filed a chapter 11 bankruptcy petition in this court on January 18, 2006. A companion chapter 11 case was filed on January 17, 2006, by BICC's principal, James E. Moyler III (Case No. 06-30087-DOT). BICC's chapter 11 case was converted to one under chapter 7 on October 11, 2006, and Keith L. Phillips was appointed and continues to serve as trustee.

Prior to its bankruptcy filing, on November 17, 2004, BICC had filed a suit (motion for judgment) against Telerent and LeClair Ryan in the Circuit Court of Chesterfield County. In this lawsuit, BICC was represented by Charles J. McCall, the plaintiff in the instant adversary proceeding; McCall is an attorney licensed practice to law in Virginia. BICC's Chesterfield suit arose out of a collection action previously brought by Telerent against BICC for defaults in equipment lease payments, also in Chesterfield Circuit Court. In this suit, Telerent was represented by defendant LeClair Ryan, a law firm with offices in the city of Richmond.

BICC alleged in its motion for judgment against Telerent and LeClair Ryan that these defendants had slandered BICC's real property development by filing a memorandum of lis pendens in Chesterfield. BICC further alleged that the defendants impeded refinancing BICC had sought for its development. Two counts were alleged: Count I asserted slander of title, and Count II alleged conspiracy to injure BICC in its trade or business in violation of § 18.2–499 of the Virginia Code. BICC sought general, special, and punitive damages in total amounts of not less than $2,000,000.00, plus treble damages under § 18.2–499 of the Virginia Code. The defendants responded to the motion for judgment by alleging that BICC had failed to state a cause of action and by filing a counterclaim.

Still prior to BICC's bankruptcy, Telerent removed the BICC suit to the United States

District Court for the Eastern District of Virginia on diversity grounds. Subsequently, on April 18, 2005, the district court remanded this litigation back to Chesterfield Circuit Court.

As noted above, BICC filed chapter 11 bankruptcy on January 18, 2006, and the case was converted to one under chapter 7 on October 11, 2006. BICC's alleged causes of action against the defendants were scheduled as assets of the bankruptcy estate. Following the bankruptcy filing, on April 17, 2006, LeClair Ryan removed the still pending BICC litigation from Chesterfield County Circuit Court to this court. On April 30, 2007, BICC's chapter 7 trustee moved to sell the causes of action in the BICC litigation. On June 26, 2007, this court entered an order approving the trustee's sale of the litigation to Telerent and LeClair Ryan for $13,000.00. The only competing bidder for this asset had been N.C. Wings-Richmond Corp., Inc. (N.C. Wings), an entity for which plaintiff McCall served as counsel and in which he held a minority equity interest. Following the sale of the litigation to Telerent and LeClair Ryan, the BICC causes of action and litigation were dismissed with prejudice.

Plaintiff McCall held a pre-petition claim for counsel fees against BICC and against BICC's principal, James E. Moyler, debtor in the companion case pending in this court. McCall reached a compromise of his claims in each of the bankruptcy cases under which he received fifteen percent of Mr. Moyler's equity interest in the BICC limited partnership. This court entered orders reflecting the compromise on June 20, 2006 (BICC case), and July 18, 2006 (Moyler). However, the compromise orders did not make McCall a limited partner in BICC, and McCall does not claim to be a partner.

On June 14, 2007, before the court entered an order approving the sale of the BICC causes of action to defendants, plaintiff McCall filed another lawsuit against defendants in

3

Chesterfield Circuit Court. This lawsuit became the instant adversary proceeding upon defendants' removal to this Court. At the time he filed this suit, McCall sent an electronic notification to BICC's trustee and to LeClair Ryan. Defendants Telerent and LeClair Ryan have moved the court to dismiss the complaint or grant summary judgment against McCall, to award sanctions against McCall and hold him in contempt. In addition, on June 27, 2007, Telerent and LeClair Ryan filed a joint counterclaim against McCall seeking damages for McCall's violation of the automatic stay and for reasonable attorneys' fees, costs, and punitive damages, all arising from McCall's filing this adversary proceeding.

The parties are agreed that the factual allegations made by McCall in this adversary proceeding are substantially identical to those alleged in the prior BICC litigation and that the legal allegations are identical.

The foregoing facts, which are largely uncontested, are taken from proposed findings of facts and submitted by both parties. Additional findings of fact are stated below.

As a complement to the foregoing findings of fact, the court incorporates and adopts the proposed findings of fact submitted by plaintiffs in their document filed electronically with the court on September 24, 2007 (Docket No. 32). These facts are in the paragraphs contained under the heading, "FINDINGS OF FACT" on pages two through eleven of the document.

Positions of Parties.

DEFENDANTS

McCall filed this adversary proceeding almost one year from the date he acquired a fifteen-percent equity interest in BICC and just six days before hearing on the trustee's motion to sell the BICC causes of action. He filed suit to enhance the likelihood that McCall's affiliate

N.C. Wings would be successful in purchasing the asset. He has continued the present litigation despite the court's approval of the BICC asset sale and dismissal of that litigation.

McCall's filing of this proceeding (which asserts causes of action virtually identical to those of BICC) while the trustee was attempting to sell the asset, was a violation of the automatic stay. McCall in effect was attempting to obtain possession of property of the BICC estate in contravention of Bankruptcy Code § 362(a)(3). He willfully and intentionally sought to prevent the defendants from purchasing the causes of action. McCall's intent was further demonstrated by his immediate electronic notification to the trustee and LeClair Ryan upon filing the suit. Because the suit was filed in violation of the automatic stay, it is void *ab initio*.

As a result of McCall's actions, defendants have incurred additional fees and costs for which they are entitled to damages, including punitive damages, pursuant to § 362(k).

Additionally, defendants argue that 1) McCall lacked standing to file the suit, 2) the cause of action for slander of title is barred by Virginia's statute of limitations, and 3) the complaint fails to allege causes of action for slander of title or conspiracy under Virginia law.

PLAINTIFF

McCall agrees that the suit filed by him involves "essentially the same causes of action" as the BICC litigation. He denies that he intended to or did interfere with the trustee's sale of the debtor's causes of action.

McCall's complaint does not violate the automatic stay because it is not an action against the debtor or property of the debtor's estate but an action against a third party by a non-creditor of the estate who is not subject to the stay. The defendants must have standing to bring an independent proceeding for willful violation of the automatic stay under § 362(k), which they do

5

not have.

McCall's complaint did not interfere with the debtor's reorganization. Even if it had, the debtor is the real party in interest and is a necessary party to a damage claim under § 362(k).

Section 362(k) does not create a private right of action for violations of the automatic stay that occur outside of bankruptcy (i.e., by suit in Chesterfield Circuit Court). Moreover, this court should not, in the interest of federal-state relations, enjoin what is at bottom a state court proceeding.

The court should not impose punitive damages against McCall. Even if his complaint violated the automatic stay, it was at worst technical in nature. The McCall complaint may have been premature in that it was filed after the trustee's sale of the BICC causes of action but before the court's order approving the sale. The estate no longer had any interest in the asset, and the complaint did not interfere with the sale.

Discussion and Conclusions of Law.

SUBJECT MATTER JURISDICTION

The parties do not contest that the court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1334(e). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in that it involves administration of the bankruptcy estate and the sale and liquidation of assets of the estate. The adversary proceeding was properly removed to this court from the state court pursuant to 28 U.S.C. §§ 1452 and 1334. Although McCall argues that removal was not proper, he has never moved for a remand.[1]

---

[1] McCall in his proposed findings and conclusions (3–4) "stipulates" that the court has subject matter jurisdiction. However, citing no authority, he states that he disagrees that the

VIOLATION OF THE AUTOMATIC STAY

Bankruptcy Code § 362(a)(3) provides a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.A. § 362(a)(3) (Cum. Ann. Supp. 2007). There can be no doubt that, under Bankruptcy Code § 541, BICC's causes of action against the defendants Telerent and LeClair Ryan were assets of the bankruptcy estate. BICC filed bankruptcy on January 18, 2006. The causes arose pre-petition and were the subject of the Chesterfield lawsuit filed on November 17, 2004. The causes of action remained assets of the estate until the court entered an order approving their sale on June 26, 2007. It may be assumed that the sale effectively and finally disposed of any cause of action BICC held against the defendants.

McCall filed what has become the instant adversary proceeding against defendants on June 14, 2007, before entry of the court's BICC sale order. McCall has agreed that his suit is essentially the same as BICC's, and his complaint states that he is proceeding derivatively. By definition, a partnership derivative action is one brought by a partner with respect to a partnership cause of action. A derivative suit by an individual partner seeks to enforce a partnership's rights when the partnership fails to do so. McCall does not allege that he is the holder of a separate cause of action against defendants other than those arising from BICC. Thus, McCall's alleged cause of action arises only through his interest in the partnership. (Limited partnership derivative actions are discussed below, along with McCall's argument that because

---

proceeding was properly removed to this court. Because 28 U.S.C. § 1452(a) authorizes removal of a cause of action to a United States district court if the district court has jurisdiction under 28 U.S.C. § 1334, this court has subject matter jurisdiction from the district court's order of reference.

he is not a limited partner in BICC he is not subject to the ordinary derivative action requirements.)

The conclusion is inescapable that McCall's filing of a derivative suit on behalf of BICC to recover the same asset that BICC's trustee sold in the bankruptcy case was a violation of § 362(a)(3). Accordingly, the filing was a void act, and McCall's complaint must be dismissed.

**Damages.**

The defendants ask the court to award damages for McCall's willful violation of the automatic stay pursuant to § 362(k)(1), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C.A. § 362(k) (Cum. Ann. Supp. 2007). In the Fourth Circuit, the term, "individual," in this section is not limited to natural persons but also has been held to apply to corporations. *Budget Serv. Co. v. Better Homes of Va., Inc. (In re Better Homes of Va., Inc.)*, 804 F.2d 289, 292–93 (4th Cir. 1986). The same rationale would apply to partnerships.

McCall contests defendants' standing, as non-debtors, to bring a claim for damages under § 362(k). However, the plain language of the statute supports their standing. *Cf. Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718–19 (E.D. Va. 2003), *aff'd*, No. 03-1327, 2003 WL 21480612, at *1 (4th Cir. June 27, 2003) (stating that there is "arguably…[a] private right of action for willful violation of [the] automatic stay", but holding that there is no private right of action for the debtors outside of bankruptcy) (citations omitted); *Pettit v. Baker*, 876 F.2d 456, 457 (5th Cir. 1989) (stating that there is "a private remedy for one injured by a willful violation of an automatic stay") (citations omitted).

As for willfulness, McCall was aware of the bankruptcy case and the impending sale of the causes of action to defendants. His filing of suit against defendants was therefore a willful act notwithstanding he may have believed he acted appropriately. *See Budget Serv. Co.*, 804 F.2d at 292–93 (allowing sanctions against a creditor who knew of the debtor's pending bankruptcy and "intentionally attempted to repossess the vehicles in spite of it").

The court finds that McCall willfully violated the stay and anticipates making an award of compensatory damages to defendants. Any award will be based upon evidence to be presented by defendants at a subsequent hearing, if necessary. Although the court considers McCall's justification for his actions flimsy at best, no punitive damages will be awarded.

MCCALL'S STANDING TO BRING SUIT AGAINST DEFENDANTS

Although the court's dismissal of McCall's complaint under the ruling above is dispositive of defendants' motion to dismiss, it does not necessarily render a final judgment on McCall's alleged causes of action. Given the likelihood of McCall's continuing to pursue his cause against an asset purchased from the BICC estate, it is important for the court to address the merits of whether McCall has a proper cause of action against defendants. The court will therefore exercise the powers granted by 11 U.S.C. § 105(a) and enter an order "appropriate to carry out the provisions of" the Bankruptcy Code with respect to McCall's actions.

Defendants assert that McCall's complaint must also be dismissed because he lacks standing to bring this lawsuit. The complaint indicates that McCall proceeds against defendants derivatively on BICC's causes of action against defendants. The defendants in their proposed findings of fact and conclusions of law argue that under Virginia law only a limited partner of a partnership may file a derivative suit. Their argument is supported by Va. Code §§ 50-73.62 to

50-73.64. These provisions of the Revised Uniform Limited Partnership Act as adopted in Virginia prescribe the ability of a limited partner to file an action "in the right of a limited partnership to recover a judgment in its favor . . . ." Va. Code Ann. § 50-73.62 (2005). In summary, such an action must be filed by one who is a partner and who must demonstrate that the general partners have refused to bring the action; the action may not be maintained if "the plaintiff does not fairly and adequately represent the interests of the limited partners and the partnership in enforcing the right of the partnership." *Id*. The limited partner has the same right to recover a judgment in favor of the partnership as does a stockholder in a derivative suit under Virginia corporate law. *Id*. A corporate derivative suit may only be brought by a shareholder who 1) "[w]as a shareholder of the corporation at the time of the act or omission complained of" 2) [b]ecame a shareholder through transfer by operation of law from one who was a shareholder at that time" or 3) "[b]ecame a shareholder before public disclosure and without knowledge of the act or omission complained of." Va. Code Ann. § 13.1–672.1 (Supp. 2007). The shareholder must "[f]airly and adequately represent[] the interests of the corporation in enforcing the right of the corporation." *Id*.

    It is patently obvious that McCall's lawsuit fails to meet the requirements for a derivative suit under the previously cited provisions of Virginia's Revised Uniform Limited Partnership Act. McCall does not even mention the standing issue in his proposed findings of fact and conclusions of law. His apparent position on the issue was presented in his memorandum opposing defendants' motion to dismiss complaint filed July 24, 2007. In summary, he stated there that defendants' argument applies only to the derivative standing of a limited partner. He is not a limited partner but is pursuing an independent right against defendants. Thus,

> McCall has standing to assert damages suffered in 2004, notwithstanding he did not obtain his equity interest until 2006, because, whether he had purchased an interest as a limited partner or obtained it contractually, his interest was subject to BICC's liabilities and entitled to the benefit of its assets, including existing claims against third parties, i.e. Telerent and LeClair Ryan.

Pl.'s Mem. in Opp'n to Mot. Dismiss 7–8.

Although McCall states in his complaint that he proceeds derivatively, he does not represent himself as a limited partner in BICC. Rather, he describes his interest in the partnership as a fifteen-percent equity interest in Moyler's interest ("the McCall Equity"). He alleges two causes of action, both of which are strictly causes of BICC. In his prayer, McCall asks for judgment against defendants "for the McCall Equity portion" of the alleged damages. Pl.'s Compl. 19. There is no allegation in the complaint of special damages suffered by McCall other than the alleged damages of BICC.

McCall cites no statutory or case law authority to support his ability as a non-partner to bring what is undoubtedly a derivative cause of action arising out of alleged torts against BICC. The court has been able to find no legal support for McCall's claim, which is contrary to general rules of law relating to derivative claims of corporations and partnerships. McCall's argument, quoted above, stands on their head the rules of derivative partnership lawsuits. His theory of the case would allow him to sidestep Virginia limited partnership law and give him more legal rights than a limited partner to pursue a claim that belongs to the partnership. Not only has McCall cited no authority for his proposition, the court has found none.

Based on general partnership (and corporate) principles, McCall's argument is untenable. A brief summary of these principles will be helpful.

**Derivative Suits for Partnerships and Corporations.**

The rules are similar for general partnerships and for stockholders of corporations. A partner of a limited partnership may not ordinarily bring suit on a cause of action belonging to the partnership in his or her own name. Rather such suits must be brought derivatively in the name of the partnership. Derivative suits by limited partners are generally brought to assert a partnership cause of action when general partners have refused to act. They typically are brought in the name of the limited partner for the named partnership. A derivative complaint should allege the limited partner's efforts to obtain action by the management of the partnership. Under the Revised Uniform Limited Partnership Act, derivative suits cannot be brought by one who is not a partner. Va. Code Ann. § 50–73.63 (2005) ("In a derivative action, the plaintiff shall be a partner at the time of bringing the action…"). *Cf. KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1324–25 (11th Cir. 2004) (a partner "in his individual capacity cannot pursue a claim on behalf of" the partnership) (citations omitted); 59A Am. Jur. 2d *Partnership* §§ 448, 906–08 (2008); 68 C.J.S. *Partnership* § 188 (2008); IV Alan R. Bromberg & Larry E. Ribstein, *Bromberg and Ribstein on Partnership* § 15.05(a) (2007). Although the support for these authorities does not include any Virginia case citations, these general principles are consistent with the Virginia limited partnership statutes previously cited.

As noted, McCall, a non-partner of BICC, asserts a cause of action that belongs to the partnership. He has shown no basis for an independent claim. "A partner cannot sue alone for a share of a partnership claim, unless the defendant has incurred a several liability to him or her for such share." 68 C.J.S. *Partnership* § 188 (2008).

CONCLUSION

In accordance with the foregoing, the court will enter an order dismissing McCall's

complaint on the grounds, 1) that filing of the suit was in violation of the automatic stay of 11 U.S.C. § 362(a), and it is therefore void; and 2) McCall lacks standing to bring the suit. In addition, the court holds that McCall willfully violated the automatic stay by filing the suit. A damage award may be entered at a later date.

SIGNED: _____

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies to:

Charles J. McCall, Esquire
P.O. Box 2131
Midlothian, Virginia 23113

and

13806 Nuttree Woods Lane
Midlothian, Virginia 23112
*Plaintiff and Counterclaim Defendant*

W.R. Baldwin, III, Esquire
Marchant, Honey & Baldwin
5600 Grove Avenue
Richmond, Virginia 23226
*Counsel for Telerent Leasing Corporation*

Robert S. Reverski, Jr., Esquire
Midkiff, Muncie & Ross, P.C.
9030 Stony Point Parkway, Suite 160
Richmond, Virginia 23235
*Counsel for LeClair Ryan, P.C.*