**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE BICC LIMITED PARTNERSHIP**  Case No. 06-30101-DOT
    Chapter 7 Debtor

    **CHARLES J. McCALL**
              Plaintiff
v.  Adv. Pro. No. 07-03090-DOT

    **TELERENT LEASING CORPORATION et al.**
            Defendant


    **TELERENT LEASING CORPORATION and
LeCLAIR RYAN, a Professional Corporation,**
            **Counterclaim Plaintiffs**
**v.**

    **CHARLES J. McCALL,**
           **Counterclaim Defendant**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This adversary proceeding is before the court for consideration of plaintiff Charles J. McCall's motion to set aside a default for failure to answer defendants' counterclaim and to permit plaintiff to file an answer to the counterclaim out of time. For reasons stated below, the motion will be denied.

<u>Findings of Fact.</u>

The debtor BICC Limited Partnership (BICC) formerly operated a hotel and timeshare development located in Chesterfield County, Virginia. It filed a chapter 11 bankruptcy petition in this court on January 18, 2006. A companion chapter 11 case was filed on January 17, 2006, by BICC's principal, James E. Moyler III. (Case No. 06-30087-DOT) BICC's chapter 11 case was converted to a chapter 7 on October 11, 2006, and Keith Phillips was appointed and continues to serve as trustee.

Prior to its bankruptcy filing, BICC had filed a suit (motion for judgment) against Telerent and LeClair Ryan in the Circuit Court of Chesterfield County, Virginia. In this lawsuit, which was filed November 17, 2004, BICC was represented by Charles J. McCall, the plaintiff in the instant adversary proceeding; McCall is an attorney licensed to practice law in Virginia. BICC's Chesterfield suit arose out of a collection action previously brought by Telerent against BICC for defaults in equipment lease payments, also in Chesterfield Circuit Court. In this suit Telerent was represented by defendant LeClair Ryan, a law firm with offices in the city of Richmond.

BICC alleged in its motion for judgment against Telerent and LeClair Ryan that these defendants had slandered BICC's real property development by filing a memorandum of lis pendens in Chesterfield. BICC further alleged that the defendants impeded refinancing BICC had sought for its development. Two counts were alleged: Count I asserted slander of title, and Count II alleged conspiracy to injure BICC in its trade or business in violation of Virginia Code § 18.2-499. BICC sought general, special, and punitive damages in total amounts of not less than $2,000,000.00, plus treble damages under Code § 18.2-500. The defendants responded to the motion for judgment by alleging that BICC had failed to state a cause of action, and they also filed a counterclaim.

Still prior to BICC's bankruptcy, Telerent removed the BICC suit to the United District Court for the Eastern District of Virginia on diversity grounds. Subsequently, on April 18, 2005, the district court remanded this litigation back to Chesterfield Circuit Court.

As noted above, BICC filed chapter 11 on January 18, 2006, and the case was converted to chapter 7 on October 11, 2006. BICC's alleged causes of action against the defendants were

scheduled as assets of the bankruptcy estate. Following the bankruptcy filing, on April 17, 2006, LeClair Ryan removed the still pending BICC litigation from Chesterfield County Circuit Court to this court. On April 30, 2007, BICC's chapter 7 trustee moved to sell the causes of action in the BICC litigation. On June 26, 2007, this court entered an order approving the trustee's sale of the litigation to Telerent and LeClair Ryan for $13,000.00. The only competing bidder for this asset had been an entity, N.C. Wings-Richmond Corp., Inc., for which plaintiff McCall served as counsel and in which he held a minority equity interest. Following the sale of the litigation to Telerent and LeClair Ryan, the BICC causes of action and litigation were dismissed with prejudice.

Plaintiff McCall held a pre-petition claim for counsel fees against BICC and against BICC's principal, James E. Moyler, debtor in the companion case pending in this court. McCall reached a compromise of his claims in each of the bankruptcy cases under which he received fifteen percent of Mr. Moyler's equity interest in the BICC limited partnership. This court entered orders reflecting the compromise on June 20, 2006 (BICC case), and July 18, 2006 (Moylar). However, the compromise orders did not make McCall a limited partner in BICC, and McCall does not claim to be a partner.

On June 14, 2007, before the court entered an order approving the sale of the BICC causes of action to defendants, plaintiff McCall filed another lawsuit against defendants in Chesterfield Circuit Court. This lawsuit became the instant adversary proceeding upon its removal by defendants to this court.

On June 27, 2007, defendants Telerent and LeClair Ryan filed their motion to dismiss the complaint or grant summary judgment against McCall, and on June 29 filed motions for the

3

award of sanctions against McCall and to hold him in contempt. On March 21, 2008, the court entered a memorandum opinion accompanied by an order, which granted the defendants' motion to dismiss the complaint.

### THE COUNTERCLAIM

Also, on June 27, 2007, Telerent and LeClair Ryan filed a joint counterclaim against McCall. The counterclaim alleged that in bringing the instant suit, McCall had willfully violated the automatic stay. The defendants in their counterclaim request the court to award damages against McCall for their reasonable attorneys' fees, costs, as well as punitive damages. In essence, the counterclaim raises the same legal issue of willful violation of the stay as was considered by the court in granting defendants' motion to dismiss. In dismissing McCall's complaint, the court held that McCall did willfully violate the automatic stay.

Plaintiff failed to timely file an answer or other response to the counterclaim, and on August 27, 2007, defendants filed with the court a request for entry of default. Plaintiff failed to file any response to the default request, and on August 28 the clerk entered default against plaintiff on the counterclaim.

On December 20, 2007, plaintiff McCall filed a motion and memorandum to set aside the default and to permit him to file a late answer. (Docket No. 34) Defendants filed an opposition to McCall's motion.

### Discussion and Conclusions of Law.

As stated above, McCall filed this adversary proceeding against defendants in Chesterfield County Circuit Court. The defendants removed the proceeding to this court, where they filed a counterclaim and a motion to dismiss or for summary judgment. The counterclaim

raises the same issue of willful violation of the automatic stay as was included in the motion to dismiss. The court has ruled that McCall willfully violated the stay and granted the motion to dismiss the complaint in part on this ground. The only issue thus remaining under the counterclaim is that of a damage award.

Bankruptcy Rule 7055 and Fed. R. Civ. P. 55(c) provide that the court may set aside an entry of default for good cause. McCall moves the court, in effect, to set aside his default of the counterclaim allegations that he willfully violated the automatic stay. (The amount of damages, if any, remain to be determined by the court.)

The decision on a default judgment rests in the discretion of the court. The rules for setting aside defaults are to be liberally construed to provide relief to the defaulting party, and doubt on the issue should be resolved in favor of allowing a case to proceed on the merits. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). *See also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987).

Good cause for setting aside a default "is shown where the moving party (i) acts with reasonable alacrity to set aside the entry of default, and (ii) alleges a meritorious defense." *Town and Country Kids, Inc., v. Protected Venture Inv. Trust #1, Inc.*, 178 F.R.D. 453, 454 (E.D. Va. 1998). A meritorious defense may be shown when the party proffers evidence "which would permit a finding for the defaulting party...." *Id. See also Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990) (requiring "(1) good cause for their default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.").

It is readily apparent that McCall's motion to set aside the default of his failure to timely answer defendants' counterclaim does not meet either criteria for setting aside a default. He did

5

not act with "reasonable alacrity" to make the request, and more importantly, the court has already made a ruling that concludes he does not have a meritorious defense.

**IT IS THEREFORE ORDERED THAT PLAINTIFF CHARLES J. MCCALL'S MOTION TO SET ASIDE DEFAULT AND FOR LEAVE TO FILE AN ANSWER TO COUNTERCLAIM IS DENIED.** In the memorandum opinion issued March 21, 2008, the court deferred ruling on the damage issue because a final resolution on damages will require evidence. It remains for the court to entertain defendants' requests for damages, if the parties are unable to resolve the damages amicably.

SIGNED: <u>March 24, 2008.</u>

                                                /s/ Douglas O. Tice Jr.
                                                DOUGLAS O. TICE JR.
                                                CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies to:

Charles J. McCall, Esquire
P.O. Box 2131
Midlothian, Virginia 23113

and

13806 Nuttree Woods Lane
Midlothian, Virginia 23112
*Plaintiff and Counterclaim Defendant*

W.R. Baldwin, III, Esquire
Marchant, Honey & Baldwin
5600 Grove Avenue
Richmond, Virginia 23226
*Counsel for Telerent Leasing Corporation*

Robert S. Reverski, Jr., Esquire

Midkiff, Muncie & Ross, P.C.
9030 Stony Point Parkway, Suite 160
Richmond, Virginia 23235
*Counsel for LeClair Ryan, P.C.*